IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVON BALL,

      Petitioner,

  v.

WARDEN, MARION CORRECTIONAL
INSTITUTION,

      Respondent.

Case No. 2:14-cv-2602
Judge Marbley
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, ECF No. 3, Respondent's *Return of Writ,* ECF No. 8, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion to Show Cause for Stay and Abeyance*. ECF No. 13, be denied and that this action be dismissed.

**Procedural History**

This case involves Petitioner's September 12, 2007, conviction in the Franklin County Court of Common Pleas on one count of rape. The trial court imposed a sentence of life incarceration but with the possibility of parole. *See State v. Ball*, No. 07AP-818, 2008 WL 2246656 (Ohio App. 10th Dist. June 3, 2008). On June 3, 2008, the Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *Id.* Petitioner did not file a timely appeal from that decision to the Ohio Supreme Court; on August 26, 2009, Petitioner filed a motion for a delayed appeal with the Ohio Supreme Court. ECF No. 8-1, PageID# 205, 207. On October 14, 2009, the Ohio Supreme Court denied Petitioner's motion. PageID# 224.

1

On April 19, 2011, Petitioner filed in the trial court a *Motion for De Novo Sentencing Based on a Void Sentence.*  PageID# 225.  It does not appear from the record that the trial court has issued a ruling on that motion.

On April 11, 2013, Petitioner filed in the trial court a *Motion to Correct Sentence. See State v. Ball*, No. 13AP-1030, 2014 WL 2809344 (Ohio App. 10th Dist. June 19, 2014).  The trial court denied that motion.  PageID# 277.  On June 19, 2014, the appellate court affirmed the decision of the trial court.  *State v. Ball*, 2014 WL 2809344.  On October 8, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).  PageID# 337; *State v. Ball*, 148 Ohio St.3d (Ohio Oct. 8, 2014).

Petitioner executed the *Petition* on December 4, 2014.  He alleges that the trial court abused its discretion by entering an incorrect journal entry, and thereby denied Petitioner his rights to equal protection and due process (claim one); that the trial court failed to properly impose post release control under Ohio law, and thereby denied him finality in his sentence and his rights to due process and equal protection (claim two);  that the trial court erred in failing to consider the factors set forth in O.R.C. §§ 2929.11 and 2929.12, and thereby denied him his rights to due process and equal protection (claim three); and that the trial court failed to properly impose sanctions under O.R.C. §§ 2950.01 and 2929.13(I), and thereby denied him his rights to due process and equal protection (claim four).

**Motion to Show Cause for Stay and Abeyance**

Petitioner represents that, on April 19, 2011, he filed a motion for *de novo* sentencing in the state trial court but that the trial court has yet to issue a formal ruling on that motion.  Therefore, Petitioner complains, he cannot pursue an appeal to the state appellate court from the trial court's denial of that motion.  Petitioner asks this Court to issue a writ of mandamus to the

Clerk of the Franklin County Court, requiring the Clerk to provide Petitioner a copy of the trial court's entry denying his motion for a *de novo* sentencing.

This Court has no authority to issue writs of mandamus directing state courts or their officers in the performance of their duties under state law. *See Haggard v. State of Tenn.*, 421 F.2d 1384 (6th Cir. 1970). In any event, a ruling by the trial court on Petitioner's motion for *de novo* sentencing is unnecessary to this Court's resolution of the claims presented in the *Petition*.

**Statute of Limitations[1]**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] This Court may *sua sponte* raise the issue of the timeliness of the action, particularly where, as here, it appears that the Respondent inadvertently failed to do so. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Petitioner may fully address this issue in any objections that he may file to this *Report and Recommendation*.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner challenges his 2007 conviction in the Franklin County Court of Common Pleas. Under the terms of 28 U.S.C. § 2244(d)(1)(A), his judgment of conviction became final on July 18, 2008, *i.e.,* forty-five days after the appellate court's June 3, 2008, denial of his direct appeal, when the time for filing a timely appeal with the Ohio Supreme Court expired. *See Keeling v. Warden, Lebanon Correctional Inst.,* 673 F.3d 452, 459-60 (6th Cir. 2012)(citing *Gonzalez v. Thaler,* 132 S.Ct. 653-54 (2012)); Ohio S. Ct. Rule 6.01(A)(1). The statute of limitations began to run on the following day and expired one year later, on July 19, 2009. Petitioner waited more than five years to file the *Petition*. None of Petitioner's subsequent filings tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because Petitioner filed them after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")).

The one-year statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). In order to invoke the equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing. *Id.* at 649 (citing *Pace v. DiGuglielmo,* 544 U.S. at 418)). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

4

Moreover, equitable tolling should be only sparingly applied. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)(citations omitted). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but flawed, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification for equitably tolling the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)(citations omitted). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond a petitioner's control. *Lowe v. State*, No. 2:12CV-142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013)(citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). *See also Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

The record in this action does not suggest that equitable tolling of the statute of limitations is appropriate.

Actual innocence may also justify the equitable tolling of the statute of limitations. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005):

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional

5

> error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*], 513 U.S. [298,] 316, 115 S.Ct. 851, 130 L.Ed.2d 808 [(1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Id*. at 589–90 (footnote omitted).  "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence.'"  *McQuiggin v. Perkins*, -- U.S. --, --, 133 S.Ct. 1924, 1935 (2013)(quoting *Schlup,* 513 U.S. at 332, 327).

The record in this action does not establish that Petitioner's actual innocence could serve to excuse the untimeliness of the action.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion to Show Cause for Stay and Abeyance*, ECF No. 13, be **DENIED** and that this action be **DISMISSED** as untimely filed.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

       *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
October 20, 2015