IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVON BALL,

    Petitioner,

    v.

JASON BUNTING, WARDEN,

    Respondent.

Case No.  2:14-cv-2602
Judge Marbley
Magistrate Judge King

## ORDER

On October 20, 2015, the Magistrate Judge recommended that Petitioner's *Motion to Show Cause for Stay and Abeyance* (ECF No. 13) be denied and that this action be dismissed as untimely. *Report and Recommendation* (ECF No. 14). Petitioner objects to that recommendation. *Objection* (ECF No. 15).  Pursuant to 28 U.S.C. § 636(b) this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection* (ECF No. 15) is **OVERRULED**.  The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**.  Petitioner's *Motion to Show Cause for Stay and Abeyance* (ECF No. 13) is denied and this action is hereby **DISMISSED** as untimely**.**

This case arises out of Petitioner's 2007 conviction on one count of rape; The *Petition* was executed in 2014. Petitioner objects to the Magistrate Judge's conclusion that the case was not filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d). Specifically, Petitioner contends that, because the state trial court failed to properly notify him of the terms of his post release control, his sentence is void under Ohio law and is therefore not final for purposes of the running of the statute of limitations.  This Court disagrees.

Federal law requires that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date on which the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). No Ohio court has ever held that Petitioner's judgment of conviction or sentence is void or does not constitute a final appealable order.[1]  This Court agrees that Petitioner's conviction became final on July 18, 2008, *i.e.,* forty-five days after the appellate court's June 3, 2008, denial of his direct appeal; the statute of limitations therefore expired one year later, *i.e.,* on July 19, 2009. Moreover, and as the Magistrate Judge reasoned, Petitioner's state collateral actions did not toll the running of the statute of limitations, because they were filed after the statute of limitations had already expired.  Further, the record does not establish that equitable tolling of the statute of limitations is appropriate.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 15) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**.  Petitioner's *Motion to Show Cause for Stay and Abeyance* (ECF No. 13) is **DENIED.** This action is hereby **DISMISSED** as untimely.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

  s/Algenon L. Marbley
ALGENON L. MARBLEY
United States Magistrate Judge

DATED:  November 9, 2015

---

[1] Indeed, Petitioner did not raise any such challenge to his conviction or sentence on direct appeal.  *See State v. Ball*, No. 07AP-818, 2008 WL 2246656 (Ohio App. 10th Dist. June 3, 2008).

2